The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. The Cigna Insurance Company is the compensation carrier on the risk.
4. Plaintiff's average weekly wage, as set forth on the Form 22 wage chart, was $658.94, yielding a compensation rate of $439.31.
5. Plaintiff suffered an injury by accident on January 28, 1994, resulting in an injury to his back.
6. Defendant-employer admitted liability and plaintiff's medical expenses were paid.
7. The Form 22 was received into evidence marked as Stipulated Exhibit One and Defendant's Exhibits Numbers One through Four were also received into evidence, along with the depositions transcripts of Dr. Meehan and Dr. Montgomery.
8. The issues to be determined by the Commission are whether there is a causal connection between plaintiff's back condition and resulting surgery after July 11, 1994, and the original injury by accident of January 28, 1994, and if so what additional benefits is plaintiff entitled to receive. One additional issue is whether defendant-employer is entitled to a credit for the short term disability benefits plaintiff received.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On January 28, 1994, plaintiff sustained an injury by accident which arose out of and in the course of his employment, when, while lifting a "bowl shaker," plaintiff slipped on a drainage area and fell, injuring his back.
2. Following the incident, plaintiff saw the company doctor, Dr. David Meehan, who examined plaintiff and found no radiation of pain, normal reflexes, and some spasm in the upper left lumbar region and mild spasm in the right upper lumbar prespinal muscles. Dr. Meehan diagnosed lumbosacral strain.
3. Plaintiff again saw Dr. Meehan on February 1, 1994. Plaintiff exhibited negative straight leg raises. Dr. Meehan concluded that plaintiff's condition had not degenerated.
4. On February 9, 1994, plaintiff was involved in a minor automobile accident in a Food Lion parking lot. This accident has no causal relationship to plaintiff's eventual disability and surgery.
5. On February 10, 1994, Dr. Meehan released plaintiff to return to work.
6. Plaintiff returned to work immediately but continued to suffer persistent pain almost every day. Although he did not seek further medical treatment, plaintiff took pain relievers and used a heating pad at night for the recurrent pain.
7. On July 11, 1994, as he was weighing paste, plaintiff's pain became too much for him to endure, and he left work. He reported to his supervisor that he needed to go home.
8. Plaintiff had become dissatisfied with Dr. Meehan, and, the following Monday, went to see his family doctor who referred him to an orthopaedic surgeon, Dr. Stephen Montgomery. Plaintiff complained of increasing back and hip pain and numbness into his right leg. Dr. Montgomery immediately took plaintiff out of work and prescribed physical therapy.
9. Dr. Montgomery subsequently ordered an MRI and recommended fusion surgery upon seeing the results.
10. Dr. Montgomery performed surgery on September 13, 1994.
11. On March 13, 1995, Dr. Montgomery released plaintiff to perform light duty work. Defendant, however, sent plaintiff home after telling him there was no light duty work available.
12. On July 6, 1995, Dr. Montgomery released plaintiff for full duty work. Defendant had no work for plaintiff at the plant.
13. Plaintiff used reasonable efforts to find another job and worked some odd jobs in construction.
14. On November 13, 1995, defendant hired plaintiff for a job paying less money than he was making prior to the compensable injury. As a result of the compensable injury, plaintiff's wage earning capacity was diminished from $658.94, which he earned at the time of the injury by accident, to an average weekly wage of $350.00 beginning November 13, 1995, and continuing thereafter.
15. As a result of the compensable injury by accident on January 28, 1994, plaintiff sustained a material aggravation of preexisting bilateral spondylolysis with spondylolisthesis and degeneration of the L5-S1 disc which eventually required surgery. He retains a 25% permanent functional impairment to his back.
16. Plaintiff was paid short-term disability benefits from July 8, 1994 through January 5, 1995. These benefits are funded totally by defendant with no employee contribution. Plaintiff also received unemployment benefits for six weeks.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On January 28, 1994, plaintiff sustained an injury by accident to his back which arose out of and in the course of his employment with defendant-employer. N.C.G.S. 97-2(6).
2. As a direct and proximate result of plaintiff's work-related injury by accident on January 28, 1994, plaintiff sustained an injury to his back which significantly aggravated his preexisting condition, causing disability and requiring surgery.
3. As a result of plaintiff's injury by accident of January 28, 1994, plaintiff is entitled to receive temporary total disability compensation in the amount of $439.31 per week for the period from January 29 through February 10, 1994 as well as for the period beginning July 11, 1995, when he was forced to stop working due to increased pain, through November 13, 1995 when he returned to work for defendant. N.C.G.S. 97-29. This amount is subject to a deduction for wages plaintiff earned during this period.
5. Plaintiff is entitled to receive partial disability compensation from November 13, 1995 and continuing up to 300 weeks from the date of injury. N.C.G.S. 97-30. Plaintiff has elected to receive partial disability benefits rather than compensation pursuant to N.C.G.S. 97-31 for the 25% permanent functional impairment to his back.
6. Defendant is entitled to a credit for the short-term disability payments made to plaintiff. N.C.G.S. 97-42. Defendant is also entitled to a credit for the unemployment benefits received by plaintiff. N.C.G.S. 97-42.1.
7. Plaintiff is entitled to have defendant pay the expenses of medical treatment related to his compensable injury by accident. N.C.G.S. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. For his temporary total disability, defendant shall pay to plaintiff temporary total disability compensation in the amount of $439.31 per week for the period from January 29 through February 10, 1994, and for the period from July 11, 1995 through November 13, 1995, less the deduction for any wages earned during that time. This amount has accrued and shall be paid in a lump sum, subject to a credit for short-term disability and unemployment benefits received by plaintiff.
2. For his continuing partial disability, defendant shall pay plaintiff partial disability compensation at the rate of two-thirds (2/3) of the difference between his average weekly wage on January 28, 1994, and his earnings since November 13, 1995, from the period beginning November 13, 1995 and continuing up to the statutory limit of 300 weeks. Such portion as has accrued shall be paid in a lump sum, subject to a credit for short-term disability and unemployment benefits received by plaintiff.
3. Defendant shall pay all medical expenses resulting from plaintiff's compensable injury of January 28, 1994.
4. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid to plaintiff's counsel. Thereafter, every fourth check for compensation shall be paid directly to plaintiff's counsel.
5. Defendant shall pay the costs of this appeal.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER